## SETTLEMENT AGREEMENT OF FLSA CLAIM

This Settlement Agreement of FLSA Claim (the "Agreement") is entered into by and between Carolyn Kinsey ("Kinsey") and Evergreen Health, Inc. ("Evergreen"). For purposes of this Agreement, Kinsey and Evergreen will be collectively referred to as the "Parties."

WHEREAS, Kinsey previously was employed by Evergreen; and

WHEREAS, certain disputes have arisen between Kinsey and Evergreen relating to wages allegedly earned by her during her employment with Evergreen; and

WHEREAS, on February 10, 2017, Kinsey filed a lawsuit against Evergreen, captioned *Carolyn Kinsey v. Evergreen Health, Inc.*, Civil Action No. 1:17-cv-00387 (the "Lawsuit"), in the United States District Court for the District of Maryland (the "Court"), alleging violations of the Fair Labor Standards Act (the "FLSA Claim"), the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law; and

WHEREAS, Evergreen has denied, and continues to deny, any and all wrongdoing, violation of law and/or liability to Kinsey, including any and all liability or wrongdoing in connection with the Lawsuit; and

WHEREAS, no determination has been made on the merits of the Lawsuit, or any of Kinsey's allegations; and

WHEREAS, Kinsey and Evergreen desire to compromise and resolve all disputes, claims, and potential claims, including all matters arising out of Kinsey's employment with Evergreen and the termination of that employment and all issues raised or which could have been raised in the Lawsuit;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

1. **Payment**

    (a) In consideration for the Release of the FLSA Claim included in Section 3 of this Agreement and the dismissal of the Lawsuit, and provided that the Agreement is first approved by the Court, Evergreen shall pay Kinsey the total gross sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Payment"), to be allocated as follows:

        (i) The gross amount of Five Thousand Dollars and No Cents ($5,000.00), less applicable taxes, will be paid to Kinsey. This payment will be treated as supplemental wages for tax purposes, and Evergreen will deduct and withhold from this payment all applicable local, state, and federal taxes, including state and federal income taxes and Federal Insurance Contributions Act ("FICA") taxes. Evergreen will report this payment in an IRS Form W-2 to be issued to Kinsey and will remit all funds withheld to all applicable local, state and federal taxing authorities. The check shall be made payable to "Carolyn Kinsey" and shall be delivered to her

EXHIBIT A

counsel, Benjamin Davis, The Law Offices of Peter T. Nicholl, 36 Charles Street, Suite 1700, Baltimore, Maryland 21201.

(ii) The amount of Five Thousand Dollars and No Cents ($5,000.00), will be paid to Kinsey for Kinsey's claims for liquidated damages arising from Kinsey's claims in the Lawsuit. No deductions or withholdings shall be made by Evergreen from this amount. Evergreen will report this payment in an IRS Form 1099 to be issued to Kinsey. The check shall be made payable to "Carolyn Kinsey" and shall be delivered to her counsel, Benjamin Davis, The Law Offices of Peter T. Nicholl, 36 Charles Street, Suite 1700, Baltimore, Maryland 21201.

(iii) The amount of Five Thousand Dollars and No Cents ($5,000.00), will be made payable to The Law Offices of Peter T. Nicholl, 36 Charles Street, Suite 1700, Baltimore, Maryland 21201. The Law Offices of Peter T. Nicholl will provide its Federal Tax ID Number to Evergreen, fill out an IRS form W-9, and Evergreen will include this payment in an IRS Form 1099 to be issued to Kinsey and The Law Offices of Peter T. Nicholl.

(b) Evergreen's obligation to make the Settlement Payment will not arise until and unless each of the following conditions have been satisfied:

(i) Kinsey delivers to Evergreen a copy of this Agreement, properly executed by Kinsey; and

(ii) The Court issues an order approving this Settlement Agreement of FLSA Claim, and dismissing the Lawsuit with prejudice.

(c) The Settlement Payment will be made within 10 business days of the Court's issuance of an order dismissing the Lawsuit with prejudice.

(d) Kinsey acknowledges and agrees that the payments set forth in subsections (a)(ii) and (a)(iii) of this Section 1 are in settlement of Kinsey's claims for liquidated damages and for her attorneys' fees and costs, and therefore, those payments are not wages or compensation for services rendered. Accordingly, the Parties agree that the foregoing payments are not subject to employment taxes or income tax withholding. However, in the event that such payments or any portions thereof are deemed by the Internal Revenue Service or any taxing authority to be taxable as wages, Kinsey agrees to assume any and all responsibility for taxes, penalties, interest, or other amounts that may be imposed on Evergreen or any of the Released Parties by any such taxing authority with respect to such payment. Kinsey will indemnify and hold Evergreen and the other Released Parties harmless for any liability for her share of any employment or withholding taxes due, and for any interest or penalties thereon, imposed with respect to such payments made pursuant to this Agreement.

2. **Dismissal and Judicial Approval**

(a) Within ten (10) business days of the complete execution of this Agreement, the Parties will jointly move the Court for approval of the settlement and promptly complete any such further efforts as are necessary to accomplish approval of the settlement by the Court. This

Agreement shall be null and void in the event that the Court fails to approve the Parties' settlement as is, and dismiss the Lawsuit with prejudice.

(b)   As a part of the joint request for approval of the settlement, the Parties stipulate to the dismissal, with prejudice, of the Lawsuit.

3.   **Release**

In consideration of the payments described in Section 1 above, except as specifically provided, Kinsey, for herself and her heirs, personal representatives, and assigns, hereby releases and forever discharges Evergreen and its subsidiaries, parents, affiliates, successors, and each of their current and former directors, officers, employees, shareholders, agents, and insurers (collectively, the "Released Parties"), from the FLSA Claim and any claims Kinsey has or may have arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This Release does not preclude Kinsey from filing a lawsuit for the purposes of enforcing her contractual rights under this Agreement.

4.   **Miscellaneous**

(a)   This Agreement may not be modified except by a new written agreement signed by both Parties.

(b)   In the event that a court holds any provision of this Agreement to be invalid or unenforceable, that provision shall be severed or otherwise conformed to the degree necessary to render it valid and enforceable without affecting the rest of this Agreement; provided, however, if any portion of the Release set forth above in Section 3 is found by a court to be invalid or unenforceable, then the entire Agreement shall be voidable at the election of Evergreen. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be deemed severable from the remainder of this Agreement, and the remaining provisions contained in this Agreement shall be construed to preserve to the maximum permissible extent the intent and purposes of this Agreement. Any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(c)   Any failure or forbearance by either Party to exercise any right or remedy with respect to enforcement of this Agreement will not be construed as a waiver of any rights or remedies. No waiver of any of the terms of this Agreement will be valid unless in writing and signed by both Parties.

(d)   The validity and construction of this Agreement or any of its terms or provisions shall be determined under the laws of the State of Maryland, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction. Further, any legal proceeding brought by either Party with respect to this Agreement or any right or obligation hereunder shall only be brought in the state or federal courts of proper jurisdiction within the State of Maryland, and consent is hereby given by each of the Parties to the jurisdiction and venue of those courts.

(e) The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, notwithstanding any statutory or common law doctrines that would suggest otherwise. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other.

(f) Kinsey acknowledges that each of her obligations, as set forth herein, are deemed by the Parties to be material to this Agreement.

(g) The Parties agree that Kinsey shall not be regarded as the prevailing party for any purpose.

(h) Kinsey represents and warrants that she has fully discussed this Agreement with her attorneys, that all terms are understood, and that the execution of this document is completely voluntary.

(i) This Agreement is a compromise, freely and voluntarily entered into by each of the Parties, and shall not be construed as an admission of liability, or as a violation of any applicable law, rule, regulation or order of any kind, by either Party.

(j) The Parties agree that this Agreement shall be binding upon the assigns, heirs, executors, and administrators of Kinsey and shall inure to the benefit of the officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives of Evergreen.

(k) This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

(l) The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

*   *   *   *

KINSEY REPRESENTS THAT SHE HAS READ THIS AGREEMENT, THAT SHE HAS HAD AN OPPORTUNITY TO DISCUSS IT WITH HER ATTORNEY, THAT SHE UNDERSTANDS ALL OF ITS TERMS, INCLUDING HER RELEASE OF CLAIMS, AND THAT SHE ENTERS INTO THE AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS EFFECT.

WHEREFORE, having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

*/s/ Carolyn Kinsey*
CAROLYN KINSEY

06/27/2017
Date

EVERGREEN HEALTH, INC.

By: */s/*

Name: Peter Beilenson

Title: President & CEO

6/27/2017
Date